**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DARRELL HOOKER,

        Plaintiff,

v.                                                  CASE NO. 3:20-CV-12411

STATE OF MICHIGAN,
MICHIGAN SUPREME COURT,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT FOR A WRIT OF MANDAMUS**

**I. INTRODUCTION**

Plaintiff Darrell Hooker, confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se complaint for a writ of mandamus against the State of Michigan and the Michigan Supreme Court alleging that he is being denied due process because of a delay by the Michigan Supreme Court in ruling on his state criminal appeal. Plaintiff was convicted of first-degree criminal sexual conduct and second-degree criminal sexual conduct following a jury trial in the Antrim County Circuit Court and was sentenced to concurrent terms of 25 to 40 years imprisonment and 10 to 15 years imprisonment on September 6, 2017. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=480543. He filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions. *People v. Hooker*, No. 340271, 2019 WL 3000913 (Mich. Ct. App. July 19, 2019) (unpublished). He then filed an application for leave to appeal with the Michigan

1

Supreme Court on August 22, 2019, see Compl. App'x B, ECF No. 1, PageID.17, which remains pending in that court.

Plaintiff seeks a writ of mandamus from this court directing the Michigan Supreme Court to rule on his application for leave to appeal, to reverse his convictions, and/or to release him on bond while the case remains pending on appeal. The court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the matter, the court concludes that the complaint for a writ of mandamus must be dismissed. The court also concludes that an appeal from this decision cannot be taken in good faith.

## II. DISCUSSION

Plaintiff has been granted leave to proceed without prepaying the filing fee in this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se complaint is to be construed liberally.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Complaints for a writ of mandamus are subject to the screening functions of 28 U.S.C. § 1915.  *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("The PLRA applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983."); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (finding petitions for a writ of mandamus are included within the meaning of the term "civil action" as used in § 1915).

With the foregoing standards in mind, the court finds that Plaintiff's complaint for a writ of mandamus is subject to summary dismissal. Mandamus actions in federal court are authorized by 28 U.S.C. § 1361. That statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its terms, the statute only applies to officers or employees of the United States and does not apply to state officials or employees. *See Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties."); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

Consequently, the court lacks subject matter jurisdiction to issue a writ of mandamus as to the named state defendants in this case. *See, e.g., Topsidis v. State*, No. 97-3283, 1997 WL 778106, *1 (6th Cir. Dec. 11, 1997) (providing that mandamus complaint against state officials should be dismissed for lack of jurisdiction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, *1 (6th Cir. Dec. 13, 1985) (affirming dismissal of state prisoner's mandamus action as frivolous); *Lee v. Lynch, et al.*, No. 2:16-CV-10561, 2016 WL 727857, *2 (E.D. Mich. Feb. 24, 2016) (dismissing mandamus action against state and federal defendants); *Howard v. Horton, et al.*, No. 2:14-cv-127, 2014 WL 3519110, *1 (W.D. Mich. July 15, 2014) (dismissing mandamus complaint against state officials as frivolous); *In re Williams v. Michigan*, No. 5:10-CV-12264, 2010 WL

4

2507781, *1 (E.D. Mich. June 17, 2010) (ruling that § 1361 has "no application" to state officials).  Plaintiff's mandamus action against the named state defendants is therefore frivolous and must be dismissed.

### III.  CONCLUSION

Based upon the foregoing discussion, the court concludes that it lacks jurisdiction to issue a writ of mandamus against the named state defendants.  Accordingly,

IT IS ORDERED that this action is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 4) is DENIED AS MOOT.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 16, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2020, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\2254\20-12411.HOOKER.DenyHabeas.ctb.chd.docx